## MANN et al. v. LEGLER et al.

(Court of Appeals of District of Columbia. Submitted May 12, 1925. Decided June 1, 1925.)

No. 1746.

Patents ☖91(4)—Evidence held to show inventor of modified form of saxophone entitled to priority.

Evidence held to show priority of conception and reduction to practice of invention relating to alleged musical instrument or modified form of saxophone, entitling inventor to finding of priority, though no application for patent was made until after entry of others in field some time later.

Appeal from Commissioner of Patents.

Interference proceeding between Louis R. Mann and Donald I. Bohn and Edward Legler, Jr., and another. From a decision awarding priority to the latter, the former appeal. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., and A. M. Belfield, of Chicago, Ill., for appellants.

F. C. Huebner, of Fresno, Cal., and L. L. Townshend, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, awarding priority to the senior parties. The invention relates to an alleged musical instrument or modified form of saxophone. The Examiner of Interferences found that the senior parties conceived the invention and embodied it in an instrument (Exhibit A), as early as April of 1918, more than two years prior to the entry of the junior parties into the field. This finding was adopted by the Examiners in Chief and

the Commissioner, and is not seriously challenged.

The Examiner, after reviewing the evidence relating to this exhibit and finding it was possible to produce music from that instrument, ruled that the delay in filing an application justified him in holding that it was no more than an abandoned experiment and not a reduction to practice. The Board declined to accept this finding, and held that, while the delay was a circumstance to be considered, the fact that the inventors did not secrete their invention, were not spurred into activity by the entry of the junior parties into the field, and finally filed their application on the construction shown in this Exhibit A, negatived abandonment. They further found that this exhibit constituted a reduction to practice. The Commissioner, putting aside all other questions raised, ruled that the proofs of the junior parties established no date of conception prior to 1920, and that, for the reasons stated by the Board, reduction to practice in April of 1918 was shown by the senior parties, to whom he therefore awarded priority.

For the reasons fully stated by the Board, we affirm the decision. See Lederer v. Walker, 39 App. D. C. 122, and Hubbard v. Berg, 40 App. D. C. 577.

Affirmed.